## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RALPH HAUCK,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:22-1090** |
| **v.** | : | **(JUDGE MANNION)** |
| | : | |
| **COMM OF PA,** | : | |
| **Respondent** | : | |

### MEMORANDUM

Petitioner, Ralph Hauck, an inmate confined in the Rockview State Correctional Institution, Bellefonte, Pennsylvania ("SCI-Rockview"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). The filing fee has been paid. (Doc. 8). The petition has been given preliminary consideration and because the claims contained in the petition are unexhausted the Court will dismiss the petition without prejudice. See 28 U.S.C. §2243. See also R. Governing §2254 Cases R.4.

I.    **Background**

According to the petition, Petitioner is confined pursuant to a 2021 judgment and conviction imposed by the Court of Common Pleas for Union County. (Doc. 1). On April 6, 2021, Petitioner was sentenced to a five to ten year term of imprisonment for two counts of Possession of Firearm

Prohibited, one count of Taking/Poss Of Game Or Wildlife, one count of Use Veh Conv Propelled By Other Than Mp, one count of Unlaw Shooting On Or Across Hwy and one count of Violate Rules and Regulations While Trespassing. Id. On January 19, 2022, his conviction was affirmed by the Pennsylvania Superior Court. Commonwealth v. Hauck, 848 MDA 2021 (Pa. Super. 2022). On February 22, 2022, Petitioner filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. Id. To date, the petition remains pending. Id.

## II.   Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). United States Code Title 28, Section 2243 provides in relevant part that "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. Further, habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts (2001), which

provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although a *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance, see Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998), Lewis v. Attorney General, 878 F.2d 714, 721–22 (3d Cir. 1989), United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985). See also 28 U.S.C. §§2243, 2254, 2255. For instance, a petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself..." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that— (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1). Thus,

a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective. . . ." See Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding that a collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. §2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available

procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971). The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir.1993).

Exhaustion is not, however, a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129, 131, 134–35 (1987); Rose, 455 U.S. at 516–18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519. Consequently, a district court may use its inherent power to dismiss, *sua sponte*, a petition which concedes that the prisoner failed to exhaust his state court remedies and which facially violates a bar to suit. Ray v. Kertes, 285 F.3d 287, 293 n. 5 (3d Cir. 2002). See also Sulaski v. Lindsay, CV-06-2482, 2007 WL 1031457, at *1 (M.D.Pa. March 29, 2007) (Rambo, J.) (relying on Ray for *sua sponte* dismissal of an unexhausted §2241 petition).

Here, it is clear from the face of the petition, and confirmed by information contained in the Superior Court electronic docket sheet, that

Hauck has not yet exhausted his state remedies. Consequently, the petition will be dismissed. The dismissal is without prejudice to his right to pursue federal habeas relief upon complete exhaustion of available state court remedies.[1]

## III.    Certificate of Appealability

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003).

---

[1] We decline to issue a stay in this matter in accordance with the stay and abeyance rule announced in Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) as that remedy is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition. We are not presented with a mixed petition. The claims raised in the petition are unexhausted and pending before Supreme Court.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

## IV.   **Conclusion**

For the reasons set forth above, the petition will be dismissed without prejudice.

An appropriate order will issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 23, 2022**
22-1090-01

- 7 -